310-807 Melinda Jacobo v. Newby v. Sinaloa May it please the Court, good morning, my name is Tommy Stroud, on behalf of the petitioner in this case, Melinda Jacobo. Good morning, Ed. Your Honor, as we are here today asking for a reversal of the commission on the issue of imposition of subsidies for additional compensation, or we can call it an attorney's fees, I'm going to clearly erroneous standards, and before I argue why I think that's an appropriate standard, I want to give a background of how we get here, because I think it helps explain why we are looking for that standard. So originally, a long time ago, years and years ago, our attorney, Ed Esty, awarded a permanent little disability benefit to Melinda Jacobo, all the TTE that was requested, all the medical bills, and awarded penalties, saying that the insurance company did not reasonably upheld compensation. The case was appealed by the respondent to the Workers' Compensation Commission, which upheld all issues except non-reason. The commission said yes, we agree with Mr. Jacobo, the petitioner is permanently disabled, we agree on the TTE, we agree on the medical, we just think that they acted reasonably in denying benefits to the trial. Mr. Jacobo decides that he would like us to appeal the issue of penalties. That's the only thing at this point that we didn't have, that we wanted when we started out the process, was those original penalties. So we appealed that to the circuit court, and the operative fact that gets to the bottom of the year today is that at a point, the respondent did not appeal, did not file a cross-appeal on a permanent little disability, on a TTE, or on the medical bills. So when we went to the circuit court, the circuit court only heard the issue of the penalties. The circuit court wasn't deciding any substantive underlying issues. The circuit court said, actually, we do think penalties were awarded in this case. The commission's decision on that issue was against the manifest weight, reappropriated the penalties, and then responded to appeal to this court, and both the counsel and I were in front of you a few years ago now, arguing this case on the manifest weight of whether penalties should have originally been awarded or not pay the benefits during the first tenancy of the case. This appellate court agreed with the commission, at least in the sense of saying it wasn't against the manifest weight of the evidence. In between that time, after we had appealed to the circuit court, there had been discussion about payment of the underlying substantive award, and beginning with the payments of the permanent little disability at that point. They didn't end up paying. It took two years from the point that the commission issued its decision until the appellate court here issued its decision, and that award became final, and they paid out the award. It took 25 months. So about a year after we were in the circuit court, we were sort of frustrated that we weren't getting paid anything, because to us, this is no longer a disputed issue, that she's entitled to the permanent little disability and everything else, so I haven't ever received a penny of anything. So I haven't actually filed a new penalties petition with the commission, saying there's no basis to not actually pay the substantive underlying reward when the only issue after the commission was the original penalties. It is no longer a dispute. Nobody can overturn the fact that she's permanently and totally disabled now. The commission deferred that issue until the pendency of the original case on penalties here at the appellate court. So then the appellate court, this court, issued its decision. They go ahead, responded, and pays the underlying reward with interest, catching her up to date for everything that she was owed to that point, and then starting with the benefits. So we argued in front of the commission, and the commission ends up saying, we don't think that you should have any penalties for nonpayment, because the appellate court upheld the denial of the first penalty and affirmed the permanent total disability. But as I attached to my brief that this court's original decision, this court made no specific finding on the permanent total disability, because the issue wasn't in front of this court, because the respondent never appealed the issue to begin with. There was never any dispute after the commission that she was always and forever, at least until the new 1908 hearing, going to be permanently and totally disabled. And obviously arguing the delay. The meter was still running on the delay on the original award. But you alluded to something earlier that I find interesting. I believe you said that our review in this case should be under the clearly erroneous standard of review. So the question becomes, what authority can you cite or refer us to that stands for the proposition that when you're taking an appeal from a commission's decision denying penalties, that the review is subject to the clearly erroneous standard as opposed to the manifest way to the evidence standard? Right. Thank you, Your Honor. So that was the background. So the reason that respondent gave at the commission for the reason why it didn't pay the benefits. Well, let's assume everything you say is true. What is the standard of review here? It's clearly erroneous, Your Honor. It's clearly erroneous, Your Honor. The purpose is because their defense was that under the law, we don't have to pay anything until there's a final award. They made a legal-based defense. The law says we don't have to pay anything until there's a final award at the commission, which is not technically final until the Supreme Court issued its mandate back to the commission. So it was a legal-based defense. A legal-based defense turns a standard review into a manifest way? Well, my response to that is that their interpretation of the law is not correct. If you look at the line of case law, the two cases that they cited in defense – they're making a legal-based defense based on the two cases, the Borden-Bledsoe case and the Sanchez case from many decades ago, saying that you don't have to – those two cases dealt with delays of payment after there was a final award by the commission. Their response is you don't have to, under the law, make any payments whatsoever until there's a final award. My point is that that's not a correct interpretation of the law. The law, according to the later cases that came, starting with Brayden and then going to McKay and then the other Borden case, clearly says that penalties are not reliant strictly on there being a final award. Assuming all of that's true, maybe we're not communicating, I guess I'll put it bluntly. Has the Supreme Court of Illinois ever applied the clearly erroneous standard to an appeal involving a decision of the commission? Have they? Do you have any Supreme Court decisions that say that? Well, I know that – I just know that there was a Dodaro decision that this Court had that I quoted to support my position. The clearly erroneous standard on this mixed question of law and fact traces its lineage to Sidney Belvedere. Since the Supreme Court issued Sidney Belvedere, it has decided a whole number of cases dealing with the Workers' Compensation Act. Never has it ever applied the mixed question of law and fact theory to a workers' compensation case. They apply to administrative review cases, and that's all they apply to. In fact, McCann, which was a penalty case, was decided after Sidney of Belvedere. And in McCann, the Supreme Court applied manifest weight. And so Dodaro says what it says, but it may not quite be in line with what the Supreme Court has done. Does it make any difference to you? Honestly, it doesn't. When it gets down to it, it doesn't make any difference. It's a matter of trying to argue correctly in front of the court. I was trying to actually get the right scenario, because it's not a novel in the sense that it's not strictly a matter of interpreting the law. I figured it was the law as related to the facts itself as to their behavior. You should probably hone in on the merits of the argument as opposed to getting hung up on the standard in this particular time. And that's fine. Basically, your argument is that substantive underlying claim was final because it was not appealed by the employer, correct? That is fundamentally correct. And so under any standard that you're looking at, Your Honor, manifest weight or otherwise, I know of no justification whatsoever. Once you have, considering that as a final portion of your investigation. I want to understand something. Do you really want to say that the substantive underlying claim was final in the sense of it being a final award? No. Because if you do, you just back yourself into 19G. And you walk away from 19K and L. Now, can that award be final before this court disposed of the one issue that was on appeal, meaning the penalties? You're correct. So finality doesn't make any difference to you. What you're arguing is once there was no appeal on anything other than penalties, you had to pay me. And when you didn't pay me, the award was not final. So I'm still under 19K, 19L, and 16. I'm not under 19G. Because if the award were final, you can't go back to the commission and say I want some K and L and 16. You've got to go to the circuit court and you've got to make use of 19G. Your Honor, I agree with everything that you've said. And that is the argument. And I apologize if somehow it seems out of place. Well, be very careful of the use of the word final because I don't think you want to do that. Judge Wolbert used the word final in referring to after that there was no further appeal. I certainly do not mean that this court, that was a final award. All right. The circuit court judge got caught up in that, too. And not that we really hear what the circuit court judge says here, but she had this long discussion about 19G. This isn't a 19G situation. It was not a final award. And the long line of cases that held within the K, so what is the Supreme Court dealing with this interpretation of when you can even assess 19K penalties? Can you do it for arbitration? Can you do it at commission? Or can you only do it once there's been a commission award? And what the K said is you don't have to have a final award. I mean, in fact, in the K, they said, oh, look, at arbitration, the respondents agreed that there was this period of TTB that was not in dispute. But by the time they got to the commission, they still hadn't paid it. And everybody agreed that it should have been paid. They hadn't paid it. And so the commission awarded penalties for that undisputed portion. And even though technically the whole award wasn't final, the Supreme Court said that's totally appropriate in the K. So that's your best case. It absolutely is. And that principle, that you don't have to have a final award, was then reaffirmed in the Board of Education case that I cited after the K. It's the same year, 1982. They say we just essentially said this, that you don't have to have a final award. But essentially, we placed the petitioner in a position of once you get to the commission, let's even just take it outside of penalties. It's the same fundamental issue. Let's say the commissioner awards everything, a permanent total except one $1,000 medical bill. Does the petitioner in that circumstance then have to say even if she really believes that $1,000 medical bill should have been paid? You can't appeal that. Do not appeal. Whatever you do, that $1,000 medical bill for the next two years. Because now it's going to delay the permanent total disability benefits that they don't bother to appeal. So she has to make that decision whether to get her underlying award or spend the next two years fighting a single issue on a case. And again, we're not concerned with what the Supreme Court said. But the unfortunate sort of silliness of the argument that was said there is that she says there is no case law or statutory authority requiring a defendant to pay an undisputed amount. I mean, just think about that. There's no statutory authority to pay an undisputed amount. That's the whole point of this. If it's undisputed, why isn't it paid? And after the commission, it was no longer disputed because they didn't appeal it. So it should have been paid. And for two years, Melchikovo was never going to be anything but permanently and totally disabled under the law. Counsel, just to summarize it, you're seeking penalties and attorney's fees under 19K and 16 of the Act plus 19L, correct? That is correct. There are different standards you also recognize in interpreting and applying those standards. Absolutely. 19L, unreasonable delay. 19K and 16 are intended to delay or address situations not only where there's delay, but it's deliberate, bad faith, or improper purpose. So tell us why you fall within both of those categories. Well, the unreasonable delay is because the overwhelming amount of the medical evidence says that there are type of evidence. It wasn't just the overwhelming amount. It's the commission decision. Wait a minute. Forget about what the overwhelming medical evidence was. We have an unappealed issue or award by the commission. It's over. It doesn't make any difference what the evidence was. It's ended. It's over. Now the question becomes when it's not paid, what's the remedy? If there is an appeal pending and the award is not final, because the workers' compensation statute doesn't have the equivalent of a Rule 304A, you couldn't go under 19G and get yourself a judgment for your underlying award. And it didn't run, interest didn't run on it. Until there's finality, your only remedy is 19K. So I think what you're saying is, you know, forget about what went on up until the time of appeal. Once it was known that I'm entitled to this money, if it is not paid and the case is not under a final award, I'm entitled to 19K, 19L, and 16, unless you've got an excuse. Now I think that's true. But I think Justice Hudson was asking, why do they not have a valid excuse? Well, if you look at this, what their response is in the brief, it's because they say they don't have to pay until there's a final award. Well, the Supreme Court says it's not so. Exactly right. Those cases are not the current precedent on the case. It's not reasonable because the law says so. Because the law says so. And if you can look at McKay, the court of McKay awarded 19L penalties, not even just up until the commission hearing, not even for what occurred to the arbitration. They actually said, we're awarding 19L up until the point of our commission hearing. And making the point that you don't have to have a final award under the law in order to have an imposition of any of these penalties. Those cases were really concerned about 19K. That's the point. You don't have to have a final award. They have a penalty for not paying benefits. There's no reasonable basis not to be paid. That's under 19K? That was under 19K. Okay. Now how about the other ones, Justice Hudson asked about? Well, under McKay, Your Honor, it was the same situation. They said the reason that we're awarding 19L all the way up to the commission hearing, the Supreme Court said that was acceptable, is because there had been respondents on IME and McKay had said that there was a causal connection. And that they hadn't paid any benefits. Well, Your Honor, 19L is a lesser standard anyway. It's unreasonable delay. It doesn't have to be bad faith. Well, right. I don't want to get back into the evidence. I think that's what Justice Hoffman is saying. You don't want to get into the evidence. We know where we're starting. The bottom line of this case is that they did not view the permanent liberal disability from the commission or the TTP or the medical. And it took another two years after that point where we were fighting about the previous behavior that we were saying was unreasonable to get any kind of payment on the case whatsoever. And we're only defense is two outdated cases. That is what we think is unreasonable and why the commission is wrong and the Supreme Court is wrong. And regardless of the standard, clearly one issue manifests the way the commission is wrong. Did the commission address your issue? Did the commission even address your issue about favor to pay after the commission decision? The commission's decision in all respects, as in the prior case today, varied.  Well, they just said we adopt the appellate court's decision, which was a different penalties issue. Well, except that it seems like they got it wrong because they said what they paid, the respondent paid the award once the appellate court affirmed the permanent liberal disability and the denial of penalty. Which wasn't an appeal. Right. Counsel, you'll have time on rebuttal. Counsel, please. Thank you, Mr. Court. Counsel, I'm going to spend some time here on behalf of the appellate colleague for your policing. The question before you involves whether the commission finds that the fees and penalties were not warranted against the man who was away from you. What did the commission find as to why penalties weren't warranted? The commission found that fees and penalties were not warranted because the award was promptly paid after the client's decision was affirmed. And that's about all we can say. That's about all we can glean from the commission's decision. Do you agree with that? There wasn't a whole lot of explanation in there, was there? No, as you know, the commission tends to address a particular issue and then it adopts a private decision. Okay. So is it your position then that in all cases, regardless of whether TTD, medical, PTD, whether they're contested, if there's an appeal of some other issue, the employer can wait and not pay anything until it's all over? Were the employee appealed, yes. Well, actually, the employer appealed to the appellate court, right? Correct. Because the circuit court reversed the commission in this case. Correct. Okay. So the employee wasn't appealing at that point. The employee appealed to the circuit court. Once they appealed to the circuit court, we don't have to pay because it's not a final award. He was saying it doesn't matter what the issue is. Wait a minute. The Supreme Court has already said this business about we don't have to pay until there's a final award is nonsense. You have to pay if it's uncontested, whether it's a final award or not. The Supreme Court has said it twice. Not in terms of a judgment. Wait a minute. That's 19G. He wasn't entitled to 19G benefits. He didn't have a final award because there was an appeal pending. But he had an uncontested right to compensation and he had an uncontested right to have the medical bills paid. You didn't pay it. Why not? Because it's not a final award. And the Supreme Court said it doesn't have to be. Not in terms of a judgment. I don't understand what you mean, not in terms of a judgment. Because the legal process is still proceeding. Well, if that's the case, then the Supreme Court was wrong when they said you don't have to pay until there's a final award. Because there can't be a judgment until there is a final award. They addressed that issue in terms of defense up to the clinician's decision. In this particular case, we're talking about defense subsequent to the clinician's decision. But before there was a final award. That's correct. So there has to be a remedy for what happened here. It has to be either 19G or 19K. Now, it can't be 19G because there is no final award. Correct. And your argument is because there's no final award, there's no 19K. Does that make sense to you? Assuming that there is a remedy in the 19K, the commission still found that in these circumstances. What circumstance? Circumstances where the employee appeals the case and there's no final judgment and the respondent appeals. The employee appeals the denial of penalty. See, you're trying to use the broad brush. In essence, what you're saying in the potential for abuse is clear. Even though you're not disputing the merits of the claim, you're not disputing medical bills, you're not disputing anything to do with that. Because they take an appeal and something has nothing to do with that, you can sit and wait five years before you pay. That is obviously your position, correct? Because there isn't a, quote, unquote, final judgment. See, but the final, the issue that you're not addressing is what was appealed had nothing to do with the medical benefits, did it? Did it? No, not directly. Okay, so? Aren't we really here? I mean, I'm not arguing your case here, but you'd have to say the commission found that it was reasonable for you not to pay. And why was it reasonable for you not to pay? Because the particular law in existence there was reasonable for you to find it didn't apply. But it wasn't. The Supreme Court has said it doesn't have to be a final word. Look, if we take your argument to its logical conclusion, the only thing you're going to tell us is, unless and until there is a final award, we have no obligation to pay. Forget about who's doing the appealing. You'll appeal $10, and you'll keep them on a leash for three years and won't pay the award and keep the interest. Now, there wouldn't be a final award, so the same reasoning would apply. The litigant in this case is the same, faces the same dilemma that every litigant faces, where they get into some of the issues and not all of the issues. You have to decide whether to accept the award as is, get whatever award it is at this particular point in time, or they have to appeal and wait until the court is over. They put that aspect of that award in litigation. And it's not, in this case, it's not. The bottom line of what you're saying is the employee appeals, there's a penalty to pay for doing that. You can withhold payment. You don't have to pay them anything if they appeal any issue. Why would it make any difference who appealed? Why does it make any difference who appealed? Your theory is because there was no final award, we're not obligated to pay. And there would never be a final award, no matter who appeals. Then what you're saying is I have to file, I can file an appeal on every case that the petitioner files an appeal to? Well, had you, had you cross-appealed, it would be a different case. If you were challenging PTD medical, but you wrote a letter after the commission's decision, said we're not going to appeal any of these issues. That's correct. You accepted the commission's decision on all those issues. Why didn't you pay it? Because they filed an appeal. And you were going to punish them for filing an appeal by not, by starving her out for the next two years. You might say you had a reasonable belief you didn't have to pay under the state of the law, and that's why you should not have to pay 19K penalties. Yes, that would be a better response. Now, whether or not we accept that is a different issue, but that would be a better response. Well, it's still, yes. Well, but I mean, basically, when you, when you respond to an appeals case, it puts all the issues. Right, but you didn't. You correct the injury analysis, but in this case, you didn't contest compensation for the injuries. You didn't. So why not pay it if you're not contesting it and you're accepting it? And your answer is the slender reed because he took an appeal, even though you've agreed to pay it. Well, we agreed to pay it, assuming that the case would go away. We didn't have to say it. The appeal had nothing to do with the merits of the claim, did it? Nothing to do with compensation. He appealed the entire case. He appealed the entire case. Well, now your answer is that, well, not your answer is, but your argument should be, it was therefore reasonable under the state of the law for us not to pay, and that's the standard for not having to pay penalties, and that the commission so found it was reasonable. Well, I think, in that respect, under the environment there, it was reasonable for the commission to find that once we brought the case to the final court, we did not want to pay the penalty. I think we understand your position. As clarified by Justice Holder. Thank you, Your Honor. No problem. Your Honor, I probably wouldn't have to make an argument if it wasn't about herself. The bottom line is, as you mentioned, as they did here, essentially Holder is her hostage for two years. While she originally thinks her behavior is unreasonable, has to wait another two years for them to complain against her just to get further benefits. And if, I believe that this Court were to say that that is proper behavior, you are going to see what concerns other honors. There will be appeals on all of the issues. Just to keep the thing on appeals, there won't be a final court after there is no way to do anything to she or do anything else. It's just going to be endless litigation. It is a different case if the appeal from the commission is not that case. If it didn't appeal, it's no longer this case. Holder is basically denied benefits, should have been paid, and therefore the commission's decision was against it. And trust me, it doesn't seem to be. And it should be remanded back to the commission for the outcome of the issue. The Court will take the matter under adjudication for disposition and a recess until 9 o'clock in the morning.